**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> PLAINTIFF <br><br> v. <br><br> HEATHER BLUE f/k/a HEATHER BLUE WALKER, <br><br> DEFENDANT | **CIVIL ACTION NO.:** <br> **1:25-cv-00320-JAW** |

**CONSENT JUDGMENT OF FORECLOSURE AND ORDER OF SALE**
(Title to Real Estate Involved)
Mortgage Recorded in Aroostook (South) County Registry of Deeds
in Book 4713, Page 212
Street Address: 409 Woodbridge Corner Road, Sherman, Maine 04776

Plaintiff, the United States Department of Agriculture ("Plaintiff" or "USDA"), and

Defendant, Heather Blue f/k/a Hether Blue Walker ("Defendant" or "Ms. Blue"), hereby consent,

by and through their respective undersigned counsel, to the entry of Judgment of Foreclosure and

Order of Sale with respect to that certain real estate located generally at or about 409 Woodbridge

Corner Road, Sherman, Maine 04776 as follows:

1.     The following information is included in the Judgment pursuant to 14 M.R.S.A. §

2401(3):

1

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Kevin J. Crosman, Bar No. 4279<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME 04112 |
| Heather Blue f/k/a Heather Blue Walker<br>14107 Mountainview Drive,<br>Smithville, Texas 78957 | **LAURA A. GOLDSMITH, Bar No. ____**<br>MCCUE LAW OFFICE<br>40 WESTERN AVENUE<br>P.O. BOX 655<br>HAMPDEN, ME 04444 |

b.    The docket number of this case is **1:25-cv-00320-JAW.**

c.    Service of the documents required by Fed. R. Civ. P. 4(b) was made upon Defendant and Defendant has received notice of this action in accordance with the Federal Rules of Civil Procedure.

d.    The property upon which Plaintiff seeks to foreclose in this case is adequately described in ¶ 14 below.

2.    The Defendant is an individual with a last-known address of 107 Mountainview Drive, City of Smithville, County of Bastrop, and State of Texas.

3.    This is an action for foreclosure and sale respecting 409 Woodbridge Corner Road, Town of Sherman, Countyt of Aroostook (South), and State of Maine 04776 (the "Property").

4.    On or about June 12, 2009, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $67,210.00. A true copy of the Note is attached as **Exhibit 1** to the Complaint.

5.    To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about June 12, 2009, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"), which Mortgage is recorded in

the Aroostook (South) County Registry of Deeds in Book 4713, Page 212. A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint.

6. The Mortgage secures the obligations of the Defendant under the terms of the Note;

7. The Property is more particularly described in the Mortgage;

8. Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction.

9. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on June 12, 2016, and all other payments that have come due thereunder.

10. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

11. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

12. As of December 15, 2024, the debt evidenced by the Note and secured by Mortgage totaled $140,877.65, of which $74,778.04 consisted of principal, $33,939.55 consisted of accrued interest, and $32,160.06 consisted of other fees. Additional interest continues to accrue on the principal balance at the default interest rate of 4.625% per annum, which, in this case, works out to be $9.4753 per day from and after December 15, 2024.

13. By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property.

14.    As set forth in the Mortgage attached as **Exhibit 2** to the Complaint, the Property

is bound and described as follows:

A certain lot or parcel of land, together with the buildings thereon, lying on the southerly side of Route 158, a/k/a Eagle Ridge Road, in the Town of Sherman, County of Aroostook, and State of Maine, bounded and described as follows:

**BEGINNING,** at a set capped iron rod at the northwesterly corner of land of John M. Qualey and Thomas M. Qualey, described in a deed recorded in the Aroostook County Registry of Deeds in Book 2848, Page 159 and shown on a survey plan by Daniel Bridgham, a copy of which is annexed to the deed to John M. Qualey and Thomas M. Qualey recorded in Book 2848, Page 159 of said Registry of Deeds, said iron rod also being the terminus of a Boundary Line Agreement between John M. Qualey and Thoms M. Qualey and the Grantors, herein, dated May 20, 2009, and recorded in the Aroostook (Southern) County Registry of Deeds in Book 4702, Page 57:

**THENCE,** by a spotted and painted blue line and along land of said Qualey, on a course according to grid north, State of Maine coordinates, east zone, NAD 1983, South 01° 35' 09" West, a distance of 167.7 feet to a found capped iron rod at the southwesterly corner of said land of Qualey;

**THENCE,** continuing by a spotted and painted blue line and through land of Herbert C. Haynes, Jr., and Ginger E. Maxwell, South 01° 35' 09" West, 333.8 feet to a set capped iron rod;

**THENCE,** by a spotted and painted blue line through land of said Haynes and Maxwell, North 88° 29" 50" West, a distance of 293.00 feet to a set capped iron rod;

**THENCE,** by a spotted and painted blue line and through land of said Haynes and Maxwell, North 01° 22' 06" East, a distance of 501.50 feet to a set capped iron rod on the southerly boundary of Route 158;

**THENCE,** by said road, South 88° 29' 50" East, a distance of 295.00 feet to the **POINT OF BEGINNING.**

CONTAINING 3.38 acres, more or less.

Being part of the premises conveyed by Donald E. Morrison and Nina M. Morrison to Herbert C. Haynes, Jr., and Ginger E. Maxwell, described in a deed dated October 22, 2008, and recorded in the Aroostook (South) County Registry of Deeds in Book 4647, Page 253.

4

15.    As of April 6, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $142,662.73 consisting of the following:

| | |
|---|---|
| Principal: | $ 74,778.04 |
| Interest on Principal: | $ 29,742.75 |
| Subsidy Recapture: | $ 4,196.80 |
| Fees (Escrow & Property Preservation) | $ 21,313.02 |
| Interest Impoundment | $ 4,007.70 |
| Interest on Escrow | $ 3,391.86 |
| Late Fees: | $ 132.56 |
| Attorney Fees and Costs: | $ 5,100.00 |
| | |
| Total: | $142,662.73 |

16.    The pre-judgment interest rate is 5.75%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 10.23%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

17.    The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

18.    The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:    Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:    The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains

unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

19.    The Defendant waives all rights under the Foreclosure Diversion Program.

20.    The Defendant waives all rights (i) of redemption which may arise pursuant to 14 M.R.S.A. § 6322, (ii) to file post-judgment motions, and (iii) of appeal.

21.    Plaintiff's claim for attorney's fees is not integral to the relief sought, within the meaning of Me. R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

ACCORDINGLY, it is hereby **ORDERED** that:

A.    The Defendant, having waived its rights to file post-judgment motions and having waived its rights to file an appeal, it is hereby expressly directed that final entry of Judgment of Foreclosure and an Order for Sale is entered on Plaintiffs' Complaint in favor of Plaintiffs;

B.    Defendant, having waived its right of redemption, Plaintiffs, their successors and assigns, shall be immediately entitled to exclusive possession of the real estate, issuance of a writ of possession thereon, and Plaintiffs may sell the subject real estate, and disburse the proceeds of sale as follows:

FIRST, to the costs and expenses of sale;

SECOND, to payment of the Plaintiffs' attorneys' fees and costs as detailed above in Paragraph Fifteen (15) hereof;

THIRD, to payment of the Plaintiffs' attorneys' fees for service rendered on or after April 6, 2026, as may be approved by this Court upon application made in conjunction with the report of sale, and costs;

FOURTH, to the Plaintiff, to satisfy the total claim due on the Mortgage as set forth above, through the date of sale; and

FIFTH, in the event there is a surplus over the preceding amounts, to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains

6

unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

C.     If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

D.     Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

**SEEN AND AGREED TO:**

**THE UNITED STATES**
**DEPARTMENT OF AGRICULTURE**

Kevin J. Crosman, Bar No. 4279
Attorney for Plaintiff
Jensen Baird Gardner & Henry
Ten Free Street
PO Box 4510
Portland, Maine 04112
(207) 775-7271
kcrosman@jensenbaird.com

DATED: _April 8 2026._

**HEATHER BLUE F/K/A**
**HEATHER BLUE WALKER**

Laura Goldsmith, Bar. No. 5001
McCue Law Office
40 WESTERN AVENUE
P.O. BOX 655
HAMPDEN, ME 04444
(207) 862-5290
laurag@mccuelawoffice.com

Judge, United States District Court
for the District of Maine

7